IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

MICHAEL RANKINS,

    Petitioner,

v.                                                   Case No. 5:22-cv-00061

KATINA HECKARD, Warden, FCI Beckley,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial review and submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).

I.    *RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

At the time he filed the instant § 2241 petition, Petitioner was incarcerated at FCI Beckley in Beaver, West Virginia, serving a 135-month sentence imposed by the United States District Court for the Eastern District of North Carolina on charges related to armed bank robbery. (ECF No. 9, Ex. 1, Attach. A). Petitioner filed this action seeking an order requiring his unit team to consider him for 6-months' placement in a Residential Reentry Center ("RRC") prior to his release date and proper review under 18 U.S.C. § 3621(b).

On April 6, 2022, Respondent filed a response to the petition asserting that Petitioner had not exhausted the available administrative remedies concerning his claims

and that he was not entitled to such relief from the court because the authority to grant such relief rested solely with the Federal Bureau of Prisons ("BOP"). (ECF No. 10). Petitioner did not file a reply brief. Petitioner was subsequently released from BOP custody on September 8, 2022.[1]

## II. DISCUSSION

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007). As noted above, Petitioner has been released from BOP custody; thus, this court cannot grant him his requested relief.

## III. RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is now moot due to his release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT**

---

[1] This release date was determined from a review of the BOP's inmate locator on its website: www.bop.gov/inmateloc/

Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this matter from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

<u>May 9, 2023</u>

Dwane L. Tinsley
United States Magistrate Judge